## SMITH et al. v. COMSTOCK.

*Appeal from Poweshiek Circuit Court— Wednesday, July 27th.*

MONEY HAD AND RECEIVED.

THE plaintiffs say in their petition that the defendant was indebted to one Thompson, $654.50, and at defendant's request they gave their note to Thompson for the amount, and it was received by him in full satisfaction of his debt due from defendant. Note payable October 1, 1869, with interest at ten per cent from March 31, 1869.

Comstock and the plaintiffs then consented: 1. That plaintiffs should pay two notes to N. Rosekrans, amounting to $100, with interest in addition, and that Comstock should convey certain land to plaintiffs, with covenants of warranty against all claims, except the $1,000 above referred to, and that he would pay another $1,000 and interest to Rosekrans, which was a judgment on which execution had been stayed. On the repayment of $650.50, with interest at ten per cent, and the $1,000 and interest which the plaintiffs were to pay Rosekrans, and $100 for services of plaintiffs, plaintiffs were to reconvey the land to defendant.

Comstock made a deed of the land to plaintiffs, conditional as above stated. He failed to pay the judgment to Rosekrans, and Rosekrans obtained title from the sheriff to the land. The plaintiffs did not pay the $1,000 and interest they were to pay to Rosekrans for the defendant.

They allege, as a reason for not doing it, the default of defendant in not paying the judgment to Rosekrans, by which they lost the lien obtained by the conveyance of the land by defendants to plaintiffs, and that the consideration of their undertaking to pay it had failed in consequence of the default of defendant. They bring suit, alleging the above facts, to recover of the defendant the amount of their note to Thompson. The defendant demurs. The demurrer was overruled and defendant appeals.

*Martin & Murphy* for the appellants — *Severs & Cutts* and *Emory & Lewis* for the appellees.

WILLIAMS, J. — It is evident the plaintiffs, owing to the default of defendant, took nothing by the deed of the land conveyed to them for their security. It is also evident that defendant was released by the note to Thompson from a liability of $650.50, and interest.

This is, in contemplation of law, the same as if plaintiffs had paid in money, for the benefit and at the request of defendant, this amount; and the special arrangement in reference to the payment of this sum

to plaintiffs, by defendant, having failed, by default of defendant, they were entitled to recover this amount; and this being the claim of their petition, there being no answer after the overruling of the demurrer, the court rendered judgment for this amount for plaintiffs, which is

Affirmed.